UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN C. BELCHER, :
    Plaintiff :
:
    v. : CIVIL NO.4:CV-03-1252
:
: (Judge McClure)
UNITED STATES OF AMERICA, :
:
    Defendant

**<u>MEMORANDUM AND ORDER</u>**

September 6, 2005

**<u>Background</u>**

Stephen C. Belcher ("Plaintiff"), an inmate presently confined at the Federal Medical Center, Lexington, Kentucky ("FMC-Lexington") filed this <u>pro se</u> civil action. The remaining Defendant is the United States of America.

By Memorandum and Order dated January 26, 2005, this Court construed Plaintiff's amended complaint as a combined civil rights/Federal Tort Claims Act (FTCA) action and partially granted the Defendants' motion to dismiss or in the alternative for summary judgment. Specifically, the motion was granted with respect to Belcher's civil rights allegations and those claims were dismissed for failure to exhaust administrative remedies and as time barred. However, Defendants' motion was denied with respect to the FTCA portion of the amended

complaint and the United States of America was deemed the sole remaining Defendant.

Plaintiff's amended complaint states that during December, 2000, he was placed in the USP-Lewisburg Special Housing Unit (SHU) on the grounds that there was "an immediate threat to the Plaintiff's safety." See Record document no. 13, ¶ 13. On December 26, 2000, Belcher was physically assaulted by fellow inmate Robert Dorsey in the SHU shower room.

Dorsey allegedly struck Plaintiff with his metal prosthetic arm causing a fracture to the orbital bone of Belcher's right eye and permanent damage to the optic nerve.[1] The amended complaint alleges that the Defendants "had the necessary information and knowledge to prevent the attack that took place." Id. at ¶ 20. However, they purportedly conspired to "create a situation where a violent predator was left unsupervised." Id. at p. 7, ¶ 5.

Belcher concludes that his injury was the result of "gross negligence." Id. at p. 7. Furthermore, the Defendants' alleged negligent conduct was purportedly the proximate cause of his injuries. The amended complaint also sets forth the procedural history of his unsuccessful administrative FTCA claim.

---

[1] During a resulting surgical procedure, the fracture was treated through implantation of a metal plate.

**Discussion**

Defendants seek dismissal of the Plaintiff's remaining FTCA claims on the grounds that: (1) Belcher's assertions regarding the failure to place him into protective custody and inappropriate assignment to a penitentiary have not been administratively exhausted and (2) his allegations are barred by the applicable statute of limitations.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the

complaint and all reasonable inferences that can be drawn from them." <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990); <u>Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.</u>, 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that <u>pro se</u> complaints should be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendant's motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     Administrative Exhaustion**

Belcher states that on December 19, 2002, he initiated an administrative FTCA claim.  His amended complaint maintains that final administrative denial of his FTCA claim occurred on February 3, 2003.  He adds that a request for reconsideration was submitted on February 7, 2003.   After no response was received,  Plaintiff initiated his present action.

Defendant acknowledges that Belcher initiated an administrative tort claim alleging that prison officials were negligent because: (1) he was not placed in protective custody until after the December, 2000 attack, (2) there was no correctional officer on duty in the shower station at the time of the assault and (3) as a first time non-violent offender he should not have been placed in a penitentiary.  However, the Defendant contends that Plaintiff failed to exhaust his available administrative remedies with respect to his FTCA claims of

inappropriate assignment to a penitentiary and failure to be placed in protective custody prior to the assault by Dorsey.

Defendant's argument initially notes that since the assault by Dorsey did not occur until December, 2000, the August 24, 2000 date appearing on the Plaintiff's administrative tort claim was clearly incorrect.  In support of their argument they have submitted a copy of the administrative tort claim.  See Record document 37, Attachment 1.  The government adds that Belcher's administrative tort claim was date stamped as having been received in the BOP's Northeast Regional office on December 27, 2002.  See id.  Based on the date of receipt, BOP's Regional Counsel, by letter dated December 30, 2002, rejected Plaintiff's claim on the basis that it was untimely.  According to the Defendant, Belcher did not seek reconsideration of that rejection.

In his opposing brief, Plaintiff states that his amended complaint:  did not raise a claim that he was improperly assigned to a penitentiary and inadvertently stated that the attack occurred on December 26, 2000.  Belcher asserts that the assault actually took place on December 28, 2000. .  In support of that argument, he relies upon documents filed by the Defendants in support of their prior dispositive motion.  Based on that date, Plaintiff argues that his administrative tort claim was timely submitted.  See Record document no. 41, p. 1-2

Prior to filing an FTCA action against the United States, a plaintiff must

first have presented the claim to the appropriate federal agency and the claim must have been denied. See 28 U.S.C. § 2675.  Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim.  See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[2]

Based on this Court's review of both the original and amended complaints, Belcher does not assert a claim that his placement at USP-Lewisburg was improper because he was a first time non-violent offender.  Nonetheless, this Court agrees that any such FTCA claim would have had to have been presented in an administrative tort claim filed within two (2) years of Plaintiff's arrival at USP-Lewisburg.  The record clearly establishes that Belcher arrived at USP-Lewisburg on February 8, 1999 and he did not file an administrative tort claim until December, 2002.  Accordingly, any improper placement claim is subject to dismissal because it was not raised in a timely filed administrative tort claim.

---

[2] Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

With respect to Plaintiff's claim that the USP-Lewisburg officials were negligent for not placing him in protective custody until after the attack by Dorsey, Defendant asserts that this claim accrued on December 4, 2000, the date Plaintiff was removed from general population at USP-Lewisburg and placed in the prison's Special Housing Unit.  Plaintiff counters that the actual accrual date is December 28, 2000, the day he was actually assaulted and injured by Dorsey because of the failure of prison officials to place him into protective custody.

Defendant acknowledges that Belcher's December 4, 2000 removal from general population was "pending an investigation into his safety needs."  Record document no. 37, p. 9.  Based on a review of the record, especially Plaintiff's opposing brief and a Statement of Material Facts previously submitted by Defendants in this matter, this Court accepts Plaintiff's contention that he was assaulted by Dorsey on December 28, 2000.  Furthermore, as previously noted by the Defendant, "the single event triggering his [Belcher's] claims was the assault itself."  Record document no. 26, p. 16.  Accordingly, dismissal of Plaintiff's claim for failure to timely exhaust administrative remedies based upon Defendant's reliance on the December 4, 2000 accrual date would be improper. This determination is further bolstered by the parties' factual dispute as to whether Belcher filed a reconsideration request following the BOP's dismissal of his administrative tort claim.

## II.     **Failure to State a Claim**

Defendant next argues that Plaintiff has failed to state sufficient facts to support an FTCA claim that USP-Lewisburg officials were negligent in failing to prevent an assault.

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States v. Muniz, 374 U.S. 150, 150 (1963). In presenting an FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which

the alleged tortious conduct occurred.  Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence.  Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).  Furthermore, Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury.  Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

Defendant contends that dismissal is warranted because Plaintiff's averments show that prison officials "took reasonable steps to investigate and establish Belcher's need for segregation from other inmates."  Record document no. 37, p. 9.  The Defendant adds that there are no allegations showing that prison officials were aware that Inmate Dorsey posed a threat to Plaintiff's safety.  Furthermore, Belcher has not asserted any facts which would show that the presence of a guard in the shower room would have prevented the assault.

It is undisputed that the BOP owed Belcher a duty to protect his safety.  Plaintiff's amended complaint states that during December, 2000, he was placed in the USP-Lewisburg SHU on the grounds that there was "an immediate threat to the Plaintiff's safety."  Record document no. 13, ¶ 13.  On December 28, 2000, Belcher was physically assaulted by fellow inmate Robert Dorsey in the SHU

9

shower room.

Dorsey allegedly struck Plaintiff with his metal prosthetic arm causing a fracture to the orbital bone of Belcher's right eye and permanent damage to the optic nerve.[3]  The amended complaint alleges that the Defendants "had the necessary information and knowledge to prevent the attack that took place."  Id. at ¶ 20.  However, they purportedly created "a situation where a violent predator was left unsupervised."  Id. at p. 7, ¶ 5.

The Defendant concurs that Belcher was removed from general population on December 4, 2000.  According to the Defendant, this action was undertaken due to rumors of Plaintiff's gambling debts and homosexual activities.  Defendant's supporting brief acknowledges that the factual averments set forth in the amended complaint must be accepted as true.  See Record document no. 37, p. 4.

This Court agrees that the amended complaint does not contain any factual allegations that prison officials had pre-attack knowledge that Inmate Dorsey posed a specific threat to the Plaintiff's safety.  However, since liberal treatment must be afforded to pro se pleadings, Belcher's amended complaint allegations that despite a finding that there was an immediate threat to his safety, prison

---

[3] During a resulting surgical procedure, the fracture was treated through implantation of a metal plate.

officials failed to: (1) place him in protective custody; and (2) supervise him while in a prison shower room with several other inmates, sets forth negligence claims sufficient to withstand scrutiny under Rule 12(b)(6).  See Record document no. 13, ¶ ¶ 12-16.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss (Record document no. 33) is GRANTED IN PART.  The amended complaint to the extent that it asserts a claim that Plaintiff was improperly placed in a penitentiary is denied.

2. Plaintiff's FTCA negligence claims that USP-Lewisburg officials had knowledge of an immediate threat to his safety and failed to: (1) place him in protective custody and (2) supervise him while in the shower room with other inmates on December 28, 2000 will proceed.

2. Plaintiff's motion (Record document no. 40) to dismiss Defendant's motion to dismiss is DENIED AS MOOT.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge