UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN C. BELCHER,        :
      Plaintiff        :
                            :
   v.                      :   CIVIL NO. 4:CV-03-1252
                            :
                            :   (Judge McClure)
UNITED STATES OF AMERICA,        :
                            :
      Defendant

## MEMORANDUM AND ORDER

September 6, 2006

**Background**

Stephen C. Belcher ("Plaintiff"), an inmate presently confined at the Federal Medical Center, Lexington, Kentucky ("FMC-Lexington") filed this pro se civil action. The remaining Defendant is the United States of America.

By Memorandum and Order dated January 26, 2005, Plaintiff's amended complaint was construed as a combined civil rights/Federal Tort Claims Act (FTCA) action and Defendants' motion to dismiss or in the alternative for summary judgment was partially granted. Specifically, Belcher's civil rights allegations were dismissed for failure to exhaust administrative remedies and as being time barred. However, the FTCA portion of Plaintiff's amended complaint was permitted to proceed and the United States of America was deemed the sole

remaining Defendant.

In his amended complaint (Record document no. 13) Plaintiff states that during December, 2000, he was placed in the USP-Lewisburg Special Housing Unit (SHU) on the grounds that there was "an immediate threat to the Plaintiff's safety." See Record document no. 13, ¶ 13.  On December 26, 2000, Belcher was physically assaulted by fellow inmate Robert Dorsey in the SHU shower room.

Dorsey allegedly struck Plaintiff with his metal prosthetic arm causing a fracture to the orbital bone of Belcher's right eye and permanent damage to the optic nerve.[1]  The amended complaint alleges that Defendants "had the necessary information and knowledge to prevent the attack that took place." Id. at ¶ 20. However, they purportedly conspired to "create a situation where a violent predator was left unsupervised." Id. at p. 7, ¶ 5.

Belcher concludes that his injury was the result of "gross negligence." Id. at p. 7.  Furthermore, the Defendants' alleged negligent conduct was purportedly the proximate cause of his injuries.  The amended complaint also sets forth the procedural history of his unsuccessful administrative FTCA claim.

Presently pending is the remaining Defendant's motion to compel discovery.  The motion asserts that Belcher has failed to provide full responses to

---

[1] During a resulting surgical procedure, the fracture was treated through implantation of a metal plate.

the Defendant's request for production of documents. Specifically, it is alleged that Belcher has not provided an expert report from Doctor Atkins, who has been identified by Plaintiff as being his expert witness. Other documents previously referenced by the Plaintiff which were purportedly requested but not produced are: (1) a Bureau of Prisons memorandum concerning shower protocol in the SHU; (2) a signed witness statement; and (3) documents stating that Belcher was determined to be totally disabled while confined at FCI-Ray Brook.[2] Plaintiff's response to the motion indicates that he has been unable to fully participate in the discovery process due to his illness and recent surgeries. See Record document no. 61.

**Discussion**

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

---

[2] In the Defendant's reply brief this issue is conceded to be moot. See Record document no. 60, p.6.

. . .

> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information

4

[requested] may be relevant to the general subject matter of the action."  Id. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.  Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits."  Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted).  The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information.  S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

Based on a review of the record, the discovery materials at issue herein are clearly relevant to the disposition of Belcher's surviving FTCA claims.  There is also no evidence to support a determination that the remaining Defendant's discovery requests are burdensome, made in bad faith, or seek confidential or

privileged information. Consequently, the motion to compel discovery will be granted.

However, in light of Plaintiff's pro se status and medical condition, he will be granted until November 1, 2006 in which to provide the remaining Defendant (if he has not already done so) with: (1) a copy of any written expert report prepared by Doctor Atkins as contemplated under Federal Rule of Civil Procedure 26(a)(2)(b); (2) the BOP's SHU shower protocol or information describing/identifying said protocol with as much particularity as possible; and (3) any written witness statements in his possession.

Failure of Belcher to timely provide any existing documents which satisfy the above criteria will result in the Plaintiff being precluded from the use of said materials at trial. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to compel discovery (Record document no. 55) is GRANTED.

2. Plaintiff shall provide the remaining Defendant with any

6

existing discovery materials as described herein on or before November 1, 2006 or be precluded from the use of said materials during trial.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge