IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN C. BELCHER, | : | No. 4:03-CV-01252 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**MEMORANDUM**

July 25, 2007

**BACKGROUND:**

The plaintiff, a pro se prisoner currently confined at the Federal Medical Center, Lexington, Kentucky ("FMC-Lexington"), filed this action alleging civil rights and Federal Tort Claim Act ("FTCA") claims against several defendants. After we dismissed plaintiff's civil rights claims, only plaintiff's FTCA claim against the United States of America remained. Plaintiff alleges that the United States negligently failed to protect him from an attack from another inmate, which resulted in a significant eye injury. Defendant contends there is no evidence that defendant breached its duty to protect plaintiff, and that even if defendant did breach its duty, such a breach was not the proximate cause of plaintiff's injuries.

1

On November 15, 2006, defendant filed its motion for summary judgment, which is now ripe. For the following reasons, we will grant defendant's motion.

**DISCUSSION:**

### I.  Standard of Review

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

"If the nonmoving party has the burden of persuasion at trial, 'the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).

In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party. Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, (3d Cir. 1995). The nonmoving party, however, cannot defeat a motion for summary judgment by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that demonstrates that there is a genuine issue as to a material fact. See Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II.  Statement of Facts

Initially, we note that plaintiff has not substantially challenged defendant's statement of material facts. In an attempt to comply with Local Rule 56.1, plaintiff did file an affidavit responding to defendant's statement of facts, but that document appears only to add facts plaintiff believes are relevant. It does not materially challenge the veracity of defendant's statement of facts. Therefore, defendant's statement of facts are deemed admitted.

Plaintiff's claims arise out of events occurring while he was an inmate of the United States Penitentiary in Lewisburg, Pennsylvania.   In December 2000,

plaintiff was involved in a disturbance with another inmate in the dining hall. A third inmate had told plaintiff that the other inmate was spreading rumors about him, which angered the plaintiff. After being questioned about the incident, plaintiff refused to disclose who had spread the rumors, but assured Bureau of Prison ("BOP") officials that he would not act against the other inmate. Nevertheless, plaintiff was placed on administrative detention in the Special Housing Unit ("SHU") pending a Special Investigative Services ("SIS") investigation into the incident.

Lieutenant Bunch conducted the investigation and concluded that rumors of Belcher's gambling debts, alleged homosexual activity, and friction with the Rastafarian inmates meant plaintiff could not function on the "compound" (the open inmate population) and as a result he should remain in administrative detention. Bunch recommended that plaintiff be transferred to another facility. As a result of this investigation, the inmate that had spread rumors about the plaintiff was listed as a "keep away from" on plaintiff's "Special Housing Unit Record."

During this same time period, plaintiff was undergoing psychological evaluation by the prison staff regarding his recent placement in the SHU. The psychologist concluded that plaintiff seemed "like the least likely to engage in assaultive behavior or be a victim of assault." (Def.'s Statement of Facts, Doc.

Rec. No. 85, ¶ 21.)

On November 8, 2000, another inmate named Robert Dorsey was also placed in administrative detention. That placement was due in large part because the plaintiff and another inmate approached a correctional counselor and reported that Dorsey was responsible for several thefts in the prison. An investigation into Dorsey's administrative placement concluded that "there was no evidence that separation concerns existed between Dorsey and any of the inmates who reported him (including [plaintiff]) since Dorsey was not aware of who actually made the allegations against him." (Id. at ¶ 27.) Dorsey and the plaintiff did know each other, however, as they both were cell-mates at one time.

On December 28, 2000, plaintiff and Dorsey were showering together along with three other inmates in the third floor shower of the SHU. According to the plaintiff, the shower is monitored from the outside by a guard while the door is closed. Plaintiff alleges that after the one guard watching the shower moved away from the door, Dorsey approached him and attacked him by striking him in the eye with Dorsey's metal prosthesis. Plaintiff originally told the prison staff that when Dorsey approached him in the shower, Dorsey accused him of stealing Dorsey's tennis shoes when they lived together, which plaintiff denied. Dorsey corroborated plaintiff's story, noting that he punched plaintiff because plaintiff had lied several

5

times about stealing his shoes.

After pursuing an administrative FTCA claim, plaintiff filed this matter on July 28, 2003.  On November 15, 2006, defendant filed its motion for summary judgment, which is now ripe.

### III.  Plaintiff's FTCA Claim

The only claim pending in this matter is plaintiff's FTCA claim against the United States of America.  The FTCA provides a federal inmate a cause of action for the United States' negligent failure to protect the inmate.  United States v. Muniz, 374 U.S. 150 (1963).  It is well-settled that the law of the state in which the tortious conduct allegedly occurred applies to a FTCA claim, which in this case is Pennsylvania.  Under Pennsylvania law, to state a cause of action for negligence, the plaintiff must show: (1) a duty is owed to the plaintiff from the United States requiring the United States to protect plaintiff from unreasonable risks; (2) a breach of that duty; (3) a causal connection between the breach and the resulting injury; and (4) actual damage suffered by the plaintiff.  See Nw. Mut. Life Ins. Co. v. Babyan, 430 F.3d 121, 139 (3d Cir. 2005).

Defendant primarily argues that the plaintiff fails to meet the second and third prong required for establishing negligence because the plaintiff fails to present a genuine issue of material fact that shows defendant breached its duty, and

6

he also fails to show that any alleged breach was a proximate cause of his injuries.[1]

Plaintiff counters by putting forth several different theories to establish a breach of duty. Because we find that defendant did not breach its duty of care to the plaintiff, we will not reach the issues concerning proximate cause.

### A. Duty of Care

Unquestionably, the United States owes federal inmates a duty of care to protect them from unreasonable risks. See (Memorandum and Order, Doc. Rec. No. 43, p. 9.) The United States' duty of care is ordinary diligence, which means that the United States must "exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987) (Nealon, J.) (internal quotations omitted). The United States, however, is "not an insurer of the safety of a prisoner." Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987) (Rambo, J.) (internal citations omitted).

Plaintiff first contends that the defendant breached its duty of care because

---

[1] Defendant also attacks the fourth prong and argues that the plaintiff cannot meet his burden of proving damages because he has failed to disclose a medical expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Because we resolve this matter based on plaintiff's failure to establish a genuine issue of material fact showing defendant breached its duty of care, we will not comment on the merits of defendant's medical expert report argument.

instead of placing him in protective custody, BOP officials placed plaintiff in the SHU unit with Dorsey even though they knew Dorsey was a threat to him. Defendant responds by arguing that plaintiff's placement into the SHU unit was a form of protective custody and that the BOP did not know, nor could reasonably have known, that Dorsey was a threat to the plaintiff. Defendant further argues that the only evidence supporting plaintiff's claim - testimony that another inmate named Daniel Powell allegedly told BOP officials that the Rastafarian community posed a general threat to plaintiff's safety - is inadmissible hearsay.

    After reviewing the record, we find that the plaintiff has no admissible evidence that suggests the defendant knew or reasonably could have known that Dorsey was a threat to the plaintiff. Defendant is correct that the only possible supporting evidence would be Powell's statement to the BOP. Plaintiff, however, has failed to produce a written witness statement from Powell as was required by our previous September 6, 2006 order. If plaintiff attempted to testify to what Powell told him, that clearly would be inadmissible hearsay because he would be introducing into evidence an out-of-court statement - Powell's statement to him - for the truth of the matter asserted - that Powell did in fact tell the BOP about the Rastafarian threat. <u>See</u> F.R.E. 801. Finally, even if plaintiff was able to locate Powell and have him testify, the record indicates that Powell's testimony would

only suggest that the BOP was put on notice of a general threat to the plaintiff from the Rastafarian community, not that such a threat specifically came from Dorsey. Further, it appears Powell's testimony would not be able to establish that a Rastafarian threat still even existed when the plaintiff was taken out of the general population and placed into the SHU. See (Pl.'s Dep., Rec. Doc. No. 85-2, at p. 38.)[2] In fact, both the plaintiff and Dorsey told BOP officials shortly after the attack that the conflict between the two was over whether the plaintiff stole Dorsey's shoes, not over any conflict with the Rastafarian community. Given this paltry and contradictory record, we simply cannot find that plaintiff has raised a genuine issue of material fact that the defendant knew or could have known that Dorsey would have attacked him.[3]

---

[2] Plaintiff in his deposition indicated that Powell most likely did not know who exactly would attack plaintiff or how it would be done sufficient to warn BOP officials. See id. at 38.

[3] In plaintiff's summary judgment response he argues for the first time that the BOP should have known Dorsey was a threat because plaintiff had accused Dorsey of stealing. Defendant argues that because this theory was not presented in plaintiff's administrative FTCA claim, we have no jurisdiction to consider it here. See Roma v. United States, 344 F.3d 352 (3d Cir. 2003). Although we disagree with the defendant's characterization of plaintiff's administrative FTCA claim and find that his administrative claim gave the BOP sufficient notice to consider this theory, we find that there simply is no evidence in the record to support it. There is no evidence that Dorsey knew plaintiff was the one that accused him of stealing. In fact, a BOP report indicates that Dorsey was not aware of who made the allegations. Therefore, the BOP did not know, or could not have reasonably

Plaintiff's next argument is that the defendant breached its duty of care when the guard assigned to watch the shower room moved from the door for a moment, which plaintiff argues gave Dorsey an opportunity to attack him. We disagree. The defendant is required only to protect a prisoner from danger that is known or can reasonably be apprehended, not to insure the prisoner's safety. As we have found, there is no evidence that establishes a genuine issue of material fact that the defendant could have reasonably known Dorsey posed a danger to the plaintiff. To find, nevertheless, that the defendant breached its duty of care to the plaintiff because the guard stepped away momentarily would result in finding that the defendant has a duty to insure the plaintiff's safety, which is not the standard.[4] Therefore, we reject this argument.

Finally, plaintiff argues that the BOP's failure to properly fill out his

---

known, that Dorsey posed a danger to the plaintiff based on Dorsey potentially seeking revenge for plaintiff's accusations.

[4] It appears that another court in this district may have made a similar finding. In Hossic v. United States, Judge Rambo equated the placement of a guard at the shower entrance at all times with insuring a prisoner's safety and found that was not required under the ordinary diligence standard. 682 F. Supp. at 26. Unfortunately, it is not clear from the opinion whether "at all times" meant all the time, or just when inmates were showering. Nevertheless, we find that the defendant did not breach its duty of care when it failed to maintain a constant observation of plaintiff and Dorsey as they showered because the defendant could not have reasonably known these inmates posed a danger to each other.

detention forms and its failure to follow the protocol included in a "program statement" amounted to a breach of duty. Again, we disagree. Whether or not his detention forms were filled out properly has no bearing on whether the BOP could have reasonably known that Dorsey posed a danger to plaintiff. As for plaintiff's "program statement" argument, there is no evidence of such a program statement or the alleged protocols contained therein, let alone evidence on how exactly the defendant violated such protocols. Without such evidence, this argument likewise fails.

**CONCLUSION:**

For the aforementioned reasons, the court will issue an accompanying order entering judgment in favor of defendant United States of America and against plaintiff Stephen C. Belcher.

                                                                                 s/ James F. McClure, Jr.
                                                                                 James F. McClure, Jr.
                                                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN C. BELCHER, | : | No. 4:03-CV-01252 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

# O R D E R

July 25, 2007

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for summary judgment is granted. (Rec. Doc. No. 71.)

2. Final judgment is entered in favor of defendant United States of America, and against plaintiff Stephen C. Belcher.

3. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge